J. E. LATHAM v. J. E. FIELD & SON.

(Filed 20 November, 1912.)

1.  Principal and Agent—Broker—Definition—Presumptions—Knowl-
edge Implied—Vendor and Vendee.

One dealing with a cotton broker engaged in the business of
selling cotton on commission for several firms is presumed to
know that the duties of a broker are to bring the seller and the
purchaser together in the transaction as vendor and vendee,
payment being made directly from the latter to the former; and
where it appears that the transaction was made directly be-
tween the supposed broker and the purchaser, the bills of lading
for the cotton, invoices, etc., being in the name of the former, the
one from whom the supposed broker has purchased the cotton
for himself cannot be held liable for damages on the ground
that the cotton furnished did not come up to specifications,
and that he had requested the purchaser to give this broker his
business on a former occasion.

2. Same—Evidence—Questions for Jury.

> In an action to recover the difference in value of cotton, on the ground that it had not come up to specifications, alleged to have been bought of the defendant through his broker, there was evidence tending to show that the transaction was made with the alleged broker as an individual transaction, as purchaser of the cotton from the defendant, and as vendor of the plaintiff: *Held*, that evidence tending to show that the alleged broker received a commission on the sale, *i. e.*, that he was allowed a percentage on the invoice price of the defendant, cannot be held as a matter of law to constitute the one selling the cotton to the plaintiff the defendant's broker; but under the conflicting evidence an issue of fact is raised for the determination of the jury.

HOKE, J., dissenting.

APPEAL by defendant from *Carter, J.,* at April Term, 1912, of GUILFORD.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*King & Kimball and Thomas S. Beall for plaintiff.*
*Douglass & Douglass, J. T. Norris for defendants.*

CLARK, C. J. The plaintiff was a cotton merchant in Greensboro, N. C. The defendants were cotton merchants in Cartersville, Ga. Shortly prior to May, 1908, the defendant W. H. Field came to the plaintiff, in company with one J. D. Turner, a cotton broker in Greensboro, and stated that Turner would represent the defendant at Greensboro and that he hoped that the plaintiff would give Turner considerable business. In May, 1908, Latham asked Turner "if he would offer us through any good house some strict low middling cotton." There is evidence that Turner then bought from Field at 9½ cents per pound 100 bales of cotton, which Turner sold as "strict low middling" to Latham at $10^1/_{16}$ cents per pound. Latham testified that the entire transaction was with Turner; that he received the invoice and bill of lading from him; that he paid Turner's draft on him for the cotton, and that he had no communication with the defendants about the transaction until the cotton had been received and paid for by him. The defendants confirmed the sale of the cot-

ton in writing to Turner; invoiced the cotton to Turner; made out the bill of lading to Turner; shipped the cotton to Turner, and drew a draft on him for the price of the cotton, which was paid.

It was in evidence that Turner was a cotton broker engaged in the business of selling cotton on commission for several firms besides the defendant.

The plaintiff contends that because of what passed between him and the defendant W. H. Field, that he supposed and had a right to suppose that Turner was acting as agent for the defendants, and as the cotton did not come up to the grade represented, he brings this action against the defendants for the loss.

The first issue is, "Did the defendants sell the plaintiff 100 bales of strict low middling cotton, as alleged in the complaint?" and the second issue is, "If so, did defendants deliver to plaintiff cotton of lower grade and less value than strict low middling, as alleged in the complaint?"

The defendants assign error as follows: The court stated to counsel, in the absence of the jury, "that he would in substance direct the jury to find both the first and second issues in favor of the plaintiff, if they believed the defendants' evidence," and defendants' counsel in consequence did not argue those two issues to the jury. In this there was error. The defendant W. H. Field stated explicitly on the stand that his firm had no communication with the plaintiff in regard to the sale of this cotton, and did not sell it to the plaintiff; that they billed it to Turner and made out the invoice to him, and drew the draft with bill of lading attached on Turner, and they did not know the plaintiff in the transaction and had no dealings with plaintiff in connection with this sale.

Besides, Turner was a broker whose business was merely to bring parties together and who, unlike a factor or commission merchant, does not receive payment for cotton sold. "A broker usually does not have possession, disposal, and control of property, and should sell in the name of his principal. A broker is, strictly speaking, a middleman or intermediate negotiator between the parties, and is not in the fiduciary relation of an

agent to his principals, but must favor neither the one nor the other of the parties between whom he effects a transaction." Cyc., 116, 186. "In the absence of proof of custom or usage to the contrary, the broker is not authorized to receive the payment, and consequently, if the purchaser pays to him and the principal does not receive it, there is no payment to the latter." 19 Cyc., 299, and cases there cited; A. and E. (2 Ed.), 965.

The plaintiff being aware of the duties of a broker as above recited, must have known that he was dealing with Turner as vendor and not as broker, if this evidence is true.

It is true that the defendant W. H. Field testified that he billed his cotton to Turner for 9½ cents, and allowed him one-sixteenth off the invoice price, which would have been Turner's commission. He says that he did this because Turner in effect had sold the cotton to himself. It may be that this was a circumstance which together with other circumstances, if left to the jury, might have induced them to find that the cotton was sold to the plaintiff through Turner, as their broker, notwithstanding the evidence above cited. But it was error in the court to hold as a matter of law that there was such sale from the defendants to the plaintiff through Turner as their broker, notwithstanding the denial of W. H. Field, on the witness stand, of any dealings between his firm and the plaintiff and denial of all knowledge that any one except Turner had any interest in the sale of the cotton.

For this error the defendants are entitled to another trial.

Errror.

Hoke, J., dissenting.